UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLBY DAVID ORNER, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:22-1494 |
| v. | : | (JUDGE MANNION) |
| DAUPHIN CTY PRISON, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff, an inmate formerly confined in the Dauphin County Prison, Harrisburg, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983 (Doc. 1). He complains of various conditions of his confinement at the Dauphin County Prison. Id. The only named Defendants are the Dauphin County Prison and Prime Care Medical. Id. Because Plaintiff named only the corporate entity, Prime Care, and not any individual Prime Care employee as a Defendant,[1] and the Dauphin County

---

[1] Nor has Orner made any factual averments regarding a Prime Care policy, custom, or practice that precipitated either the Prime Care employees' actions or caused his alleged injury.

Prison is not an entity that is subject to suit under Section 1983,[2] this Court issued an Order on December 12, 2022, dismissing Defendants Dauphin County Prison and Prime Care Medical and providing Plaintiff an opportunity to file an amended complaint on, or before, December 27, 2022. (Doc. 4).

On January 4, 2023, this Court's December 12, 2022 Order was returned to the Court marked "return to sender" and "unable to forward", noting that Plaintiff had been "released" and the prison was "unable to forward." (Doc. 5). Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

---

[2] Section 1983 allows a plaintiff to bring suit against any "person" who violates the plaintiff's constitutional rights while acting under color of state law. See 42 U.S.C. §1983. Thus, a plaintiff must establish that a defendant is a "person" for the purposes of Section 1983 in order to bring a claim against that defendant. See Karns v. Shanahan, 879 F.3d 504, 519 (3d Cir. 2018). County prisons are not persons subject to liability under Section 1983. See Edwards v. Northampton County, 663 F. App'x 132, 136 (M.D. Pa. 2016); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013); Armstrong v. Dauphin Cty. Prison, No. 1:20-CV-1282, 2021 WL 229610, at *1 (M.D. Pa. Jan. 22, 2021).

## II. Discussion

On September 23, 2022, Plaintiff was provided with this Court's Instructions for Filing a Complaint by a *Pro Se* Plaintiff. (Doc. 2-2). It informed Plaintiff of the following with regard to a change of address notice:

> Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

Id. Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Court is unable to communicate with Plaintiff at his address of record.

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007).

Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

Plaintiff's last communication with this Court was Plaintiff's September 27, 2022 payment of the full filing fee. (Doc. 3). A search of the Pennsylvania Department of Corrections computerized Inmate Locator revealed that Mr. Orner is not in the custody of the Pennsylvania Department of Corrections. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis, 747 F.2d at 868-69.

## III. Conclusion

For the foregoing reasons, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 10, 2023**
22-1494-01